Welch *vs.* Davis, &c.—1848.

ROBERT WELCH, OF BEN., *vs.* EDWARD A. DAVIS.—THE STATE OF MARYLAND *vs.* EDWARD A. DAVIS.—*December* 1848.

The judgment of a county court, overruling a motion to quash a writ, is a mere interlocutory order from which an appeal will not lie.

APPEAL from *Anne Arundel* county court.

The appellee in these causes, on the 23rd of June 1848, sued out of said county court, a writ of replevin, directed to the coroner of said county, commanding him to replevy certain goods and chattels, the property of the said *Davis,* in the possession of *Robert Welch,* of *Ben.,* the appellant.

The appellee being indebted to the State for rent due on a house and lot in *Annapolis,* called the " *Western Hotel,*" was distrained upon for the same, and *Welch,* the defendant, was the bailiff appointed to levy the distress, which he accordingly levied upon the goods, which were replevied from his custody, by the above writ of replevin.

The defendant appeared by *James Boyle,* his attorney, and moved to quash the writ, for the following reasons :

1st. Because said writ was illegally and improperly issued. 2nd. Because the said writ could not issue to affect the rights of the State, whose bailiff the defendant was. 3rd. Because said writ was issued to replevy goods and chattels taken in distress by defendant for rent due to the said State.

It was admitted that the State distrained for rent due for a house and lot in *Annapolis,* called the " *Western Hotel ;*" that *James Boyle* is the deputy attorney general of said State, for said county, and the defendant, *Welch,* the sheriff of said county, properly appointed to make the distress; and that the property called the *Western Hotel,* was purchased at sheriff's sale by the said deputy attorney general, and a deed executed therefore according to law, on or about the 20th of March 1846.

The court overruled the motion to quash, and from this order, the defendant, *Welch,* appealed.

The cause was argued before SPENCE, MARTIN, MAGRUDER and FRICK. J.

By BOYLE for the appellant, and
By STOCKETT for the appellee.

Richards and wife, vs. Swan, et al.—1848.

MAGRUDER, J., delivered the opinion of this court.

These appeals, placing before us the same record, and presenting the same point, will be considered together.

The appellee sued out of *Anne Arundel* county court, a writ of replevin against *Welch*, who appeared to the suits, and moved the court to quash the writ, for the reasons assigned. The motion was overruled, and from the order overruling the motion the appeal is taken in both cases. It is quite unnecessary to state what were the the reasons assigned for this motion, as it is the opinion of this court, an appeal from such an order, cannot be entertained, at this time, by the court. It was but an interlocutory order, from which the appeal will not lie. " No appeal can be prosecuted to this court, until a decision has been had in the court below, which is so far final, as to settle and conclude the rights involved in the action, or denying to the party the means of further prosecuting or defending the suit."—"When the proceedings below shall be terminated, an appeal will then lie, and all the errors of the court below, in the progress of the cause, will be proper subjects for complaint of the party, and for the correction of this court." So said the court, in *Boteler and Belt vs. The State*, 7 *G. and J.*, 109.

If the cases were properly before us, we should not hesitate to affirm them.

APPEALS DISMISSED.