DANIEL J. BRAGUNIER *vs.* JOSEPH H. PENN.

*Practice in Court of Appeals—Final order—Appeal— Contested election—Sufficiency of Petition.*

An appeal will not be dismissed because the record was not printed at the time the case was set for hearing, where it is printed at the time the case is called for hearing.

An order denying the petitioner the means of further prosecuting his suit, is final, and an appeal will lie therefrom.

A petition alleged that the petitioner and the defendant were candidates for the office of County Commissioner at the election of November 1893; that the returns from all the districts of the county, as shown by the certificate on the books of the polls filed in the clerk's office, as well as the certificate of the returns filed therein, and "also the duplicate of said certificate forwarded to the Governor," showed that the petitioner received at said election twelve hundred and seventy-four votes for the office, and the defendant "not more than twelve hundred and sixty-four votes"; that, notwithstanding, the Governor had "erroneously, and without warrant or authority of law," issued a commission to the defendant; that the petitioner contested the

election of the defendant, claiming that he, and not the defendant was elected to the said office by the votes cast for him. HELD:

That the petition was not objectionable for failure to allege distinctly that the defendant was not elected, its averments being sufficiently broad to found an inquiry as to which of the parties claiming was elected.

A petition in an election contest signed in the name of the petitioner by his attorney, is sufficient without an affidavit, the statute not requiring the petition to be sworn to by the contestant.

APPEAL from the Circuit Court for Charles County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, MCSHERRY, BOYD and BRISCOE, J.

*Daniel R. Magruder,* (with whom was *Sydney E. Mudd,* on the brief,) for the appellant.

*John H. Mitchell,* and \*L. *Allison Wilmer,* for the appellee.

PAGE, J., delivered the opinion of the Court.

The appellee has moved to dismiss the appeal in this case, and has assigned as reasons therefor that the record was not printed at the time the case was set for hearing at the January Term of this Court; that the order dismissing the petition by the lower Court was not final, and does not conclude the case; and that no bill of exceptions was signed and sealed by the Judge before whom the case was heard. This motion cannot, however, be allowed. The

* Mr. Wilmer, although present, did not participate in the argument of the case.

record was printed at the time the case was called for a hearing, and this was a compliance with the twenty-fourth rule of this Court. The order appealed from was unquestionably final, inasmuch as it denied the petitioner the means of further prosecuting his suit. It terminated the proceeding, and it is well settled that, when that is the case, an appeal will lie, "and all the errors of the Court below in the progress of the cause, will be proper subjects for complaint of the party, and for the correction of this Court." *Hazlehurst vs. Morris et al.*, 28 *Md.*, 71. Nor is it a case where exceptions are required. In *Shaefer vs. Gilbert*, 73 *Md.*, 73, this Court has said that the provisions of section 9 of Article 5 of the Code, have never been held to apply " to motions in arrest of judgment, and other like proceedings, which are to be heard and determined by the Court itself, and not by the Court and jury. In such cases an appeal brings up the entire record for review by the Appellate Court."

The petition was filed for the purpose of contesting the election of the appellee to the office of County Commissioner of Charles County. It sets out, substantially, that the appellant, a resident, citizen, and qualified voter of that county was a candidate for the office of County Commissioner at the election of November, 1893, and his competitor for that office was the appellee; that the returns from all the districts of the county, as shown by the certificate on the books of the polls filed in the clerk's office, as well as the certificate of the returns filed in that office, and "also the duplicate of said certificate forwarded to the Governor," show that the appellant received at said election twelve hundred and seventy-four votes for the office, and the appellee " not more than twelve hundred and sixty-four votes "; that, notwithstanding, the Governor " erroneously, and without warrant or authority of law, has issued a commission to the appellee "; that other " errors and inaccuracies and illegal practices " were committed at the

election " by the officers of election and friends and parti-
zans " of the appellee, to the detriment of the appellant and
the undue advantage of the appellee; that the appellant
therefore contests the election of the appellee, " claiming
and showing that he, and not the said Penn, was elected
to the said office *by the votes cast for him*, and on the
face of the returns, and says that he is entitled to hold
and exercise the functions of said office pending a contest
for the same "; and concludes with a prayer for an order
prescribing rules for the conduct and trial " of the said con-
test," &c., and for such other order and relief as may be
requisite " for the speedy hearing and determination of the
matters in controversy, and for declaring the result." Up-
on this petition the Court passed an order directing the
appellee to be summoned, and providing for the taking of
depositions and other evidence. Having been summoned,
the appellee appeared and filed a motion to dismiss the
petition, and from the order of the Court granting the
motion, this appeal is taken. The principal ground upon
which the appellee contends there was no error in this
action of the Court, is, that the petition contains no allega-
tion " which goes to the merits, and shows that the in-
cumbent Penn was *not* in fact elected." But this cannot
properly be maintained. The sixth paragraph of the pe-
tition clearly states the petitioner's claim, viz., " that he,"
(the petitioner) " and not said Penn was elected to said
office *by the votes cast for him, &c.,*" and these words,
taken in connection with the other averments in the peti-
tion, are sufficiently broad to found an inquiry as to who
of the parties claiming, was in fact elected. *Handy et al.
vs. Hopkins et al.*, 59 *Md.*, 169. The objection that the
petition is not signed by the contestant himself, is not well
taken. It is, in fact, signed " Daniel J. Bragunier, per
Sydney E. Mudd, Attorney." It cannot be assumed that
Mr. Mudd had no authority thus to place the name of the
appellant to the petition. He is an attorney-at-law, and

as such, an officer of the Court; and it must be presumed he has acted under a high sense of professional propriety. When attorneys enter their appearance, "it is presumed to be done by the authority of their principals, and whatever is done in the progress of the cause is esteemed as the act of, and binding on, their clients." *McCauley et al. vs. State*, 21 *Md.*, 569.

There is no requirement in the statute providing for contested elections, making it necessary for the petition to be sworn to by the contestant, and therefore the want of an affidavit was not sufficient to warrant a dismissal of the proceedings.

> *Order reversed, and cause remanded for further proceedings.*

(Decided 26th April, 1894.)