UNITED STATES of America,
Plaintiff–Appellee,

v.

CITY OF OAKLAND, CALIFORNIA,
Defendant,

and

Nuclear Free Oakland, Inc.; Steven P.
Bloom, Intervenors–Appellants.

No. 90–16538.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 1992.

Decided March 9, 1992.

---

Brad Seligman, Saperstein, Seligman and Mayeda, San Francisco, Cal., for intervenors-appellants.

Mark B. Stern, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Matthew J. Chachére, New York City, Amici Curiae.

Before SCHROEDER and T.G. NELSON, Circuit Judges, and CALLISTER,* District Judge.

SCHROEDER, Circuit Judge:

Appellants seek to appeal the merits of a judgment entered in an action to which appellants never became parties. The dispositive issue is whether we have jurisdiction to consider such an appeal.

On November 8, 1988, voters in the City of Oakland, California, adopted by initiative the Oakland Nuclear Free Zone Act, Ordinance No. 11062. The Ordinance contained a variety of prohibitions effective upon the city and its citizens with respect to the manufacture, transport, and storage of nuclear weapons and nuclear reactors. The case underlying this appeal was brought by the United States against the City of Oakland challenging the constitutionality of some provisions of the Ordinance. Nuclear Free Oakland, Inc. and Steven Bloom (the "proponents"), sought to intervene as of right in this case before the district court

as "the drafters, sponsors, and proponents of the ordinance."

There was no opposition to the proponents' attempted intervention and appellee United States concedes on appeal that they were entitled to intervene as of right in the district court. *See Yniguez v. Arizona,* 939 F.2d 727 (9th Cir.1991); *Washington State Bldg. & Constr. Trades v. Spellman,* 684 F.2d 627, 629–30 (9th Cir.1982), *cert. denied,* 461 U.S. 913, 103 S.Ct. 1891, 77 L.Ed.2d 282 (1983). Nevertheless, the district court did not initially rule on the motion to intervene. Instead the court entered an order permitting them to file a brief amicus curiae "pending ruling on the motion to intervene." On March 26, the district court set a hearing date for the cross-motions for summary judgment indicating that it would "hear argument by the parties" on the designated day. At that subsequent hearing, on April 27, 1990, the district judge explained he did not regard the proponents to be parties and that he regarded the application for intervention to have been denied as of the March 26 order.

The proponents did not appeal the denial of leave to intervene but instead awaited the final disposition of the case. On August 24, 1990, the district court granted summary judgment for the United States. When it became clear that the City of Oakland did not intend to appeal this adverse judgment, the proponents filed notice purporting to appeal from both the denial of intervention as of right and the judgment on the merits.

This court lacks jurisdiction to consider this attempted appeal. Because the district court denied the proponents' motion to intervene, they were never made parties to the litigation. Federal Rules of Appellate Procedure 3 and 4 clearly contemplate that only parties may file a notice of appeal. *See Karcher v. May,* 484 U.S. 72, 77, 108 S.Ct. 388, 392, 98 L.Ed.2d 327 (1987) ("[W]e have consistently applied the general rule that one who is not a party or has not been

---

* Honorable Marion J. Callister, Senior United States District Judge for the District of Idaho, sitting by designation.

treated as a party to a judgment has no right to appeal therefrom.").

■ The proponents properly point out that denial of intervention as of right is an appealable final order. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 377, 107 S.Ct. 1177, 1183, 94 L.Ed.2d 389 (1987). *See also Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 527 (9th Cir. 1983); *Blake v. Pallan*, 554 F.2d 947, 951 (9th Cir.1977); 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure: Civil 2d* § 1923, at 508 (1986 & Supp.1991) (noting growing consensus that "[a]ny denial of intervention should be regarded as an appealable final order"). As *Stringfellow* points out, however, the denial must be appealed on an interlocutory basis since denial of intervention "terminates" the applicant's participation in the litigation and bars the applicant from appealing the later judgment. 480 U.S. at 377–78, 107 S.Ct. at 1182–83. Moreover, it is far more efficient to consider an appeal from a denial of intervention, perhaps on an expedited basis, than to encourage unsuccessful applicants to wait until after the case is decided in order to attempt an appeal. Proponents here sought to appeal to this court only after the final judgment and after the City of Oakland made clear that it would not appeal on its own behalf.

■ It is occasionally possible for one who was not a party to the litigation in the trial court to appeal from the final judgment, but only after being granted leave to intervene for such purpose. The best and most recent illustration of this principle is *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991). In that case, the proponents of an initiative did not seek to intervene in the district court proceedings, justifiably relying on the governmental defendant to represent their interests. When they learned that the governmental defendant had opted not to appeal, they sought to intervene for purposes of bringing the appeal themselves. After the district court denied intervention, they successfully appealed that denial to this court. We held that their application for intervention was timely and that they met the applicable requirements for intervention as of right. *Yniguez*, 939 F.2d at 740. *See also Legal Aid Soc. v. Brennan*, 608 F.2d 1319, 1327 (9th Cir. 1979) (district court permitted intervention for the purpose of appeal), *cert. denied*, 447 U.S. 921, 100 S.Ct. 3010, 65 L.Ed.2d 1112 (1980); *Pellegrino v. Nesbit*, 203 F.2d 463 (9th Cir.1953) (reversing an order denying a post-judgment motion for leave to intervene for purposes of appeal). *See also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977) (affirming Court of Appeals ruling that a post-judgment motion to intervene was timely filed and should have been granted). In this case, the proponents did not seek to intervene for purposes of appeal. We, therefore, have no order before us which we may now review.

The proponents cite cases in which, they say, parties which had not been allowed to intervene were nevertheless permitted to appeal from a final judgment. The cases do not so hold. In both *Bryant v. Yellen*, 447 U.S. 352, 366–67, 100 S.Ct. 2232, 2240, 65 L.Ed.2d 184 (1980), and *EEOC v. Pan Am. World Airways, Inc.*, 897 F.2d 1499, 1504 (9th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 55, 112 L.Ed.2d 31 (1990), the appellants had sought leave in the district court to intervene for purposes of appeal and were denied intervention. They, like the appellants in *Yniguez*, appealed from the denial of intervention, not from the judgment on the merits. In this case, the proponents did not timely appeal the April 1990 denial of leave to intervene as of right in the litigation, nor did they move for leave to intervene for purposes of appeal. The district court's judgment has become final as to the parties.

The appeal is DISMISSED FOR LACK OF JURISDICTION.