959 A.2d 808

**HIYAB, INC. et al.**

v.

**OCEAN PETROLEUM, LLC. et al.**

**No. 1454, Sept. Term, 2007.**

Court of Special Appeals of Maryland.

Oct. 31, 2008.

2

Thomas F. DeCaro, Jr., Upper Marlboro, for Appellant.

John M. Luchak (Bassman, Mitchell & Alfano, on brief), Washington, DC, for Appellee.

Panel: ZARNOCH, GRAEFF, and ALAN M. WILNER (Retired, Specially Assigned), JJ.

GRAEFF, J.

On September 28, 2005, Ocean Petroleum, LLC, appellee, filed a civil action in the Circuit Court for Prince George's County alleging two causes of action against six defendants, including Al Binaa Trading & Construction, LLC ("Al Binaa"). Appellants, Hiyab, Inc., a Maryland corporation, and Woldensie Asfaha, Hiyab, Inc.'s owner (collectively "Hiyab"), who were not parties to this lawsuit, filed a motion for leave to file a cross-claim for indemnification based on its ownership interest in Al Binaa. Hiyab appeals from the order denying this motion, arguing that the trial court should have permitted Hiyab to intervene in this case. For the reasons set forth below, we shall dismiss this appeal as untimely.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 25, 2002, Sahara Investment, LLC ("Sahara"), a company that operates retail gasoline stations, and

**4**

George Jaalouk, Elias N. Jaalouk, and Salwa Jaalouk (collectively "the Jaalouks") executed three motor fuel supply contracts with Ocean Petroleum, LLC, a wholesale distributor of motor fuels and other petroleum products. George and Elias Jaalouk are officers and directors of Sahara, Al Binaa, and Zeydouni Investment, LLC ("Zeydouni"). The contracts secured a supply of gasoline to three gasoline stations located in Baltimore, Seat Pleasant, and Pasadena, Maryland. Al Binaa owned the gasoline station in Seat Pleasant. The fuel supply contracts provided that Ocean Petroleum would begin delivering gasoline to these three stations on March 1, 2003.[1]

Ocean Petroleum, as an inducement to enter the motor fuel supply contracts, agreed to lend money to the Jaalouks and their associated corporate entities. On November 25, 2003, as a result of this agreement, the Jaalouks, Al Binaa, and Zeydouni issued a promissory note for $250,000.00 to Ocean Petroleum.

On September 28, 2005, after payments were not made on the motor fuel supply contracts and on the promissory note, Ocean Petroleum filed a two count complaint in the Circuit Court for Prince George's County alleging: (1) breach of contract; and (2) "suit on the note," a collection action on the promissory note. The breach of contract claim alleged that the Jaalouks and Sahara failed to make payments on the motor fuel supply contracts. This claim is not at issue on appeal. The claim on the promissory note alleged that the Jaalouks, Sahara, Al Binaa, and Zeydouni defaulted by failing to make payments on the promissory note. On January 16, 2007, Zeydouni filed a notice that it had filed for Chapter 11 Bankruptcy.

On March 6, 2007, Hiyab filed a motion, captioned as "Motion for Leave to File Crossclaim for Indemnification," against the defendants in the lawsuit. The motion provided:

---

1. The facts relating to the underlying dispute were taken from the Complaint filed by Ocean Petroleum.

1. Count II of the complaint alleges that the Promissory Note involved in the case is an obligation of Al Binaa.

2. Movants purchased a 50% membership interests in Al Binaa on January 1, 2004[.]

3. At the time that Movants purchased this membership interest, they were not informed, nor do they have any knowledge, of the existence of any claim against Al Binaa by Ocean Petroleum.

4. Likewise, Movants did not have any knowledge related to the allegations in the Complaint at Paragraph 20,[2] to the effect that the other defendants transferred the operations of Al Binaa from other locations to [the] Sheriff Road location.

5. Movants discovered that Al Binaa was indebted to Ocean Petroleum when its supply of petroleum products was cut off by Ocean Petroleum.

6. The Promissory Note in this case should not be charged against the Membership Interest of Hiyab or Asfaha.

7. The failure of the other defendants to disclose the existence of the [p]romissory Note under the circumstances amounts to fraud.

8. The Movants are entitled to be indemnified against any judgment which would be entered against Al Binaa in these proceedings.

9. The Movants have good cause for late filing of this Crossclaim because the juices of the debt was concealed from Movants when they purchased their Membership Interest.

---

**2.** Paragraph twenty of the complaint provides as follows:

20. Defendants Sahara and the Jaalouks declined to accept Ocean Petroleum's proposal [to restructure their monetary obligations]. In lieu of acceptance, they closed the Pasadena and Bel Air Road Stations and, without the approval or consent of Ocean Petroleum, transferred operation of the Seat Pleasant Station to another individual or entity. Each of the motor fuel supply agreements prohibit the assignment of the Buyer's obligations without the express consent of Ocean Petroleum.

Hiyab requested permission to file a cross-claim. Nowhere in the motion is there a request to intervene in the lawsuit. Hiyab also appended a cross-claim to the motion, which provided:

1. On January 1, 2004, Crossclaimants [sic] purchased a 50% Membership Interest in Defendant Al Binaa Trading and Construction LLC.

2. At the time of this purchase, Cross claimants were not made aware that Al Binaa had any debt outstanding to the plaintiffs.

3. All defendants had an obligation to inform Cross claimants at the time of the purchase of their Membership Interest that there was a balance due and owing to the plaintiff.

4. The failure and refusal of the defendants to properly inform the Cross claimants of this claim constituted a breach of contract for the purchase of the Membership Interest.

5. The failure and refusal of defendants to properly inform Cross claimants of this claim constituted a fraud against Cross claimants.

6. In addition to relief that Cross claimants may be entitled to unrelated to these proceedings, Cross claimants are entitled to full complete and unconditional indemnity by the defendant's [sic] other than defendant Al Binaa against any and all claims of Ocean Petroleum.

On April 3, 2007, the court denied Hiyab's motion. A court clerk subsequently docketed this order on April 10, 2007.

On July 23, 2007, following a bench trial, the court found the defendants liable on both claims and entered two separate judgments against the defendants. With respect to the breach of contract claim, the court found the Jaalouks and Sahara jointly and severally liable for $499,899.46. With respect to the claim on the promissory note, the court found the Jaalouks, Al Binaa, and Sahara jointly and severally liable for $91,063.58.

On August 22, 2007, Hiyab noted an appeal to this Court contesting the circuit court's "denial of the Motion for Leave to File Crossclaim for Indemnification." On August 29, 2007, Ocean Petroleum filed a motion in the circuit court to strike Hiyab's notice of appeal on the grounds that Hiyab was not a party to the lawsuit. On October 22, 2007, the court ordered as follows:

This Court, having considered the motion of plaintiff Ocean Petroleum, LLC, to strike the notice of appeal of Hiyab, Inc. and Woldensie Asfaha in the instant action, the opposition of Hiyab, Inc. and Woldensie Asfaha thereto, and the record herein, and the Court having found good grounds to strike said notice, it is this 16th day of October, 2007 hereby

ORDERED, that the motion of Ocean Petroleum, LLC to strike the notice of appeal of Hiyab, Inc. and Woldensie Asfaha is GRANTED; and it is further

ORDERED, that the notice of appeal of Hiyab, Inc. and Woldensie Asfaha is hereby STRICKEN.

On February 4, 2008, this Court vacated the circuit court's order striking the notice of appeal, explaining that Maryland Rule 8–203(a) "does not grant the circuit court authority to strike an appeal because it is not allowed by law. A motion to strike an appeal on that basis must be brought before this Court." Although the appeal was reinstated, this Court ordered "that Appellee's Motion to Dismiss Appeal by Hiyab, Inc. et al., filed in this Court be and is hereby DENIED WITHOUT PREJUDICE to seek that relief again after the date on which the record on appeal is filed in this Court." Appellee did not file a subsequent motion to dismiss in this Court.

## DISCUSSION

In the motion to dismiss filed in the circuit court, Ocean Petroleum argued that Hiyab could not appeal because Hiyab was not a party to the lawsuit and it was not aggrieved by its decision. Hiyab countered that a prospective party who seeks

**8**

to intervene in a lawsuit may appeal the circuit court's denial of that motion. That is true, but the timeliness of such an appeal is the critical issue in this case. We shall dismiss this appeal because we conclude that the appeal was not filed timely.

The Maryland Rules provide that a "notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." Md. Rule 8–202(a). The requirement "that an order of appeal be filed within thirty days of a final judgment, is jurisdictional; if the requirement is not met, the appellate court acquires no jurisdiction and the appeal must be dismissed." *Houghton v. County Com'rs of Kent County,* 305 Md. 407, 413, 504 A.2d 1145 (1986). Although the parties did not brief the jurisdictional question raised in this case, we must address this issue because appellate "jurisdiction cannot be conferred by consent of the parties." *Pearlstein v. Maryland Deposit Ins. Fund,* 79 Md.App. 41, 48, 555 A.2d 528 (1989).

The question in this case is when a final, appealable judgment was entered as to Hiyab, and, therefore, when the time expired for filing a notice of appeal. In other words, is a prospective intervenor required to file a timely notice of appeal from the denial of the motion to intervene, or can the prospective intervenor wait until after a judgment is entered against all the parties to the lawsuit? We conclude that, if we characterize the motion filed by Hiyab as a motion to intervene, Hiyab was required to file a notice of appeal within 30 days of the trial court's denial of the motion. Thus, the time to note an appeal expired on May 10, 2007, 30 days after the order was docketed on April 10, 2007. Consequently, the notice of appeal filed on August 22, 2007, was untimely, and we shall dismiss this case pursuant to Md. Rule 8–602(a)(3).

Maryland Code (2006 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article, authorizes a party to appeal from a final judgment entered by a circuit court. Section 12–101(f) defines "final judgment" as "a judgment, decree, sentence, order, determination, decision, or other ac-

tion by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken." " 'The underlying policy of the final judgment rule is that piecemeal appeals are disfavored.' " *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 713, 752 A.2d 200 (2000) (quoting *Cant v. Bartlett*, 292 Md. 611, 614, 440 A.2d 388 (1982)). "It is well settled that an order need not necessarily dispose of the merits of a case to be a final judgment." *Brewster v. Woodhaven Bldg. and Development, Inc.*, 360 Md. 602, 610, 759 A.2d 738 (2000). In fact, "[t]he Court of Appeals has long held that the denial by a trial court of a party's ability to pursue claims before it is an immediately appealable final order." *Rourke v. Amchem Products, Inc.*, 153 Md.App. 91, 105, 835 A.2d 193 (2003), *aff'd*, 384 Md. 329, 863 A.2d 926 (2004).

The Court of Appeals and this Court have held that a circuit court's denial of a motion to intervene is an appealable final order. *See Montgomery County v. Bradford*, 345 Md. 175, 185 n. 1, 691 A.2d 1281 (1997) ("That denial of a motion to intervene is an appealable final order is well settled."); *Maryland Life and Health Ins. Guaranty Ass'n v. Perrott*, 301 Md. 78, 87, 482 A.2d 9 (1984) ("Denial of intervention, sought either as a matter of claimed right or by permission, is an appealable final order."); *Benning v. Allstate Ins. Co.*, 90 Md.App. 592, 596, 602 A.2d 233 (1992) ("Denial of intervention, whether claimed as of right or as permissive, is an appealable final order."); *see also* PAUL V. NIEMEYER & LINDA M. SCHUETT, MARYLAND RULES COMMENTARY 151 (3rd ed.2003) (noting that "denial of a motion to intervene is a final order, and the party seeking the intervention may appeal from the order of denial."). Thus, characterizing the motion filed here as a motion to intervene, the denial, which was docketed on April 10, 2007, was a final judgment from which Hiyab could have appealed.

Hiyab did not file a notice of appeal within 30 days of that order. Rather, he noted an appeal on August 22, 2007, within 30 days after the circuit court awarded judgment for Ocean Petroleum against the defendants.

We acknowledge that the Court of Appeals has held, in some circumstances, that there may be more than one final judgment from which a party may appeal. *See Brewster,* 360 Md. at 617–23, 759 A.2d 738 (order granting transfer of venue from one circuit court to another is a final judgment that can be appealed immediately or within 30 days of the conclusion of litigation). That a **party** may appeal from a final judgment within either 30 days from the disputed ruling or 30 days from the completion of the litigation, however, is not helpful to Hiyab, who was not a party to the litigation here. Unlike a party who gets an adverse ruling on an issue, but continues with the litigation, any claims Hiyab may have had in the pending litigation were concluded when the court denied its motion. Thus, the 30 day time limitation on appeal ran from that denial.

Although we have not found any Maryland cases specifically addressing this issue, the federal courts have held that an appeal from the denial of a motion to intervene must be taken within 30 days of the entry of the order, and the proposed intervenor cannot wait until the final disposition of the case to note the appeal. In *United States v. City of Oakland, California,* 958 F.2d 300, 301 (9th Cir.1992), the United States Court of Appeals for the Ninth Circuit dismissed as untimely an appeal from the denial of a motion to intervene when the appeal was filed after the final disposition of the case. The court noted that the denial of the motion to intervene terminated the applicant's participation in the litigation. *Id.* at 302. The court stated that it did not have jurisdiction to consider the appeal: "Because the district court denied the proponents' motion to intervene, they were never made parties to the litigation. Federal Rules of Appellate Procedure 3 and 4 clearly contemplate that only parties may file a notice of appeal." *Id.* at 301. Moreover, as a policy matter, the court noted: "[I]t is far more efficient to consider an appeal from a denial of intervention, perhaps on an expedited basis, than to encourage unsuccessful applicants to wait until after the case is decided in order to attempt an appeal." *Id.* at 302.

Other federal appellate courts similarly have held that a prospective intervenor must file a notice of appeal within 30 days of the denial of a motion to intervene. *See Hutchinson v. Pfeil*, 211 F.3d 515, 518 (10th Cir.) (appeal from a denial of a motion to intervene untimely when not filed until eight months later, after final judgment entered), *cert. denied*, 531 U.S. 959, 121 S.Ct. 384, 148 L.Ed.2d 296 (2000); *Credit Francais Intern., S.A. v. Bio–Vita, Ltd.*, 78 F.3d 698, 703 (1st Cir.1996) (noting that an appeal from a denial of a motion to intervene "cannot be kept in reserve; it must be taken within thirty days of the entry of the order, or not at all."); *B.H. by Pierce v. Murphy*, 984 F.2d 196, 199 (7th Cir.) (noting that the 30 day period for noting an appeal begins to run from the denial of that motion), *cert. denied*, 508 U.S. 960, 113 S.Ct. 2930, 124 L.Ed.2d 680 (1993); *Shores v. Sklar*, 844 F.2d 1485, 1491 (11th Cir.1988) (concluding that an appeal noted 145 days after the denial of a motion to intervene was untimely), *vacated*, 855 F.2d 722, *reinstated in part*, 885 F.2d 760, 761 n. 1 (11th Cir.1989), *cert. denied*, 493 U.S. 1045, 110 S.Ct. 843, 107 L.Ed.2d 838 (1990).

We find the federal caselaw persuasive in light of the fact that Maryland Rule 2–214 was modeled after Rule 24 of the Federal Rules of Civil Procedure. *See Sipes v. Board of Mun. and Zoning Appeals*, 99 Md.App. 78, 94, 635 A.2d 86 (1994). Accordingly, we hold that, when a request to intervene is denied, that ruling concludes any interest of that person in the case, and the appeal must be noted within 30 days of the denial of the motion to intervene. A person whose motion to intervene is denied does not become a party to the case. Because that person is not a party, he or she is not entitled to appeal from the final judgment disposing of the claims of the parties. *See* § 12–301, Courts and Judicial Proceedings Article (providing that a "party" may appeal from a final judgment). *See also Surland v. State*, 392 Md. 17, 23 n. 1, 895 A.2d 1034 (2006) (Maryland Rules do not "afford persons who are not parties in the trial court party status in the appellate court."). Thus, if Hiyab wanted to challenge the denial of its motion to intervene, it was required to note its

appeal within 30 days of the denial of its motion. Because it failed to do so, and instead waited until the court awarded judgment for Ocean Petroleum against the defendants, its appeal was untimely.

We note, however, that even if we were to reach the merits, we would reject Hiyab's claim. Maryland Rule 2–214 provides for intervention "of right" and "permissive intervention" as follows:

(a) **Of right.** Upon timely motion, a person shall be permitted to intervene in an action: (1) when the person has an unconditional right to intervene as a matter of law; or (2) when the person claims an interest relating to the property or transaction that is the subject of the action, and the person is so situated that the disposition of the action may as a practical matter impair or impede the ability to protect that interest unless it is adequately represented by existing parties.

(b) **Permissive.**

(1) Generally. Upon timely motion a person may be permitted to intervene in an action when the person's claim or defense has a question of law or fact in common with the action.

\* \* \*

(3) Considerations. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

(c) **Procedure.** A person desiring to intervene shall file and serve a motion to intervene. The motion shall state the grounds therefor and shall be accompanied by a copy of the proposed pleading setting forth the claim or defense for which intervention is sought. An order granting intervention shall designate the intervenor as a plaintiff or a defendant. Thereupon, the intervenor shall promptly file the pleading and serve it upon all parties.

In its brief, Hiyab cited Md. Rule 2–214(b), regarding permissive intervention, in arguing that the trial court erred in

denying its motion. At oral argument, however, counsel argued for the first time that Hiyab was entitled to intervene as a matter of right under Md. Rule 2–214(a). Ocean Petroleum contends that, under either theory of intervention, the trial court properly denied the motion filed by Hiyab for two reasons. First, Hiyab did not file a proper motion to intervene. Second, the motion was not filed timely. We agree.

■ Although Hiyab argues that the trial court erred in denying its motion to intervene, it never filed a motion to intervene. Hiyab's motion was captioned as a "Motion for Leave to File a Crossclaim for Indemnification." The substance of that motion included factual allegations identifying Hiyab's interest in this case, but Hiyab did not cite or reference Md. Rule 2–214, or any other legal authority indicating that this motion should be construed by the trial court as a motion to intervene. Rather, Hiyab merely requested that the trial court "permit them leave to file a Crossclaim in these proceedings." Because a cross-claim may only be filed by one defendant in a lawsuit against another defendant, Md. Rule 2–331(b),[3] and Hiyab was not a party to the lawsuit, the trial court properly denied Hiyab's motion for leave to file a cross-claim for indemnification.

■ Moreover, assuming that the motion could be construed as a motion to intervene, both permissive intervention and intervention as of right require a timely motion. A determination regarding the timeliness of the motion " 'rests in the sound discretion of the trial court, which, unless abused, will not be disturbed on appellate review.' " *Hartford Ins. Co. v. Birdsong,* 69 Md.App. 615, 623, 519 A.2d 219 (1987) (quoting *Maryland Radiological Soc'y, Inc. v. Health Services Cost*

---

**3.** Md. Rule 2–331(b) provides that "[a] party may assert as a cross-claim any claim that party has against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."

*Review Comm'n,* 285 Md. 383, 388, 402 A.2d 907 (1979)). "In determining whether a motion to intervene has been timely filed, a court must consider the purpose for which intervention is sought, the probability of prejudice to the parties already in the case, the extent to which the proceedings have progressed when the movant applies to intervene, and the reason or reasons for the delay in seeking intervention." *Pharmaceia Eni Diagnostics, Inc. v. Washington Suburban Sanitary Com'n,* 85 Md.App. 555, 568, 584 A.2d 714 (1991).

 Applying these factors, we would conclude that the trial court did not abuse its discretion in denying Hiyab's motion because the record indicates that the notice was not filed timely. According to its motion, Hiyab purchased an interest in Al Binaa on January 1, 2004, approximately a year and a half before Ocean Petroleum filed this lawsuit. Hiyab did not file this motion until March 6, 2007, seventeen months after the lawsuit was filed, after the parties had engaged in alternative dispute resolution and completed discovery, and with only four months until the trial date. Hiyab has given no explanation regarding the reason for the delay in seeking intervention. With respect to the probability of prejudice, granting Hiyab's motion at the time it was filed would have delayed trial and prejudiced the other parties in the lawsuit. Hiyab, on the other hand, acknowledged at oral argument that it could have brought a separate indemnification action. *See, e.g., Max's Of Camden Yards v. A.C. Beverage,* 172 Md.App. 139, 151 n. 3, 913 A.2d 654 (2006) (noting that a claim for contribution or indemnification can be brought in a separate lawsuit or as a cross-claim in the underlying suit). Thus, the denial of the motion did not leave Hiyab without any potential remedy.

**APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANT HIYAB, INC.**