**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MISHEWAL WAPPO TRIBE OF ALEXANDER VALLEY, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> KEN SALAZAR, in his official capacity as Secretary of the Interior; LARRY ECHO HAWK, in his official capacity as Assistant Secretary of the Interior, <br><br> Defendants, <br><br> COUNTY OF NAPA and COUNTY OF SONOMA, <br><br> Intervenors- Defendants - Appellants. | No. 12-17360 <br><br> D.C. No. 5:09-cv-02502-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted June 11, 2013
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and VANCE, Chief District Judge.[**]

The Counties of Napa and Sonoma ("the Counties") appeal the district court's revocation of their status as intervening defendants. The Counties also appeal the district court's denial of their motion to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the revocation of their status as intervenors.

I

The Mishewal Wappo Tribe of Alexander Valley ("the Tribe") filed this action against the Secretary of the Interior and the Assistant Secretary of the Interior ("the Federal Defendants"). The Tribe alleges that the Federal Defendants illegally terminated its status as an Indian Tribe and improperly distributed land previously held in trust for the Tribe. The Tribe requests, among other things, that the Federal Defendants identify and transfer to it as trust lands "all public lands held by the Department of the Interior which are not currently in use and are available for transfer that are within the Tribe's historically aboriginal land." Further, the Tribe requests that the Federal Defendants designate these lands "Indian Country" and "restored lands" as defined in 18 U.S.C. § 1151 and 25 U.S.C. § 2719(b)(1)(B)(iii).

---

[**] The Honorable Sarah S. Vance, Chief District Judge for the United States District Court for the Eastern District of Louisiana, sitting by designation.

2

The Counties moved to intervene as a matter of right, or, in the alternative, as permissive intervenors. The district court granted the Counties' motion but did not specify whether the Counties' intervention was of right, or merely permissive. The Counties moved to dismiss the Tribe's complaint on multiple grounds, including that the Tribe lacked standing and that the Tribe's claims were barred by a jurisdictional statute of limitations. The district court denied the Counties' motion. The Tribe then moved to revoke the Counties' status as intervenors. The district court granted the Tribe's motion, and the Counties appealed.

II

The district court held that the Counties were not intervenors as of right or entitled to permissive intervention. We review de novo a district court's denial of intervention as of right. Arakaki v. Cayetano, 324 F.3d 1078, 1082 (9th Cir. 2003) (citing Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817 (9th Cir. 2001)). We review a district court's denial of permissive intervention for abuse of discretion. Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 843 (9th Cir. 2011) (citing League United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1307 (9th Cir. 1997)). To the extent that the district court did not abuse its discretion in denying the Counties' permissive intervention, this Court lacks jurisdiction over the portion of the Counties' appeal challenging the district court's denial of their motion to intervene. Perry v. Proposition 8 Official Proponents, 587

3

F.3d 947, 955 (9th Cir. 2009) (holding that absent a finding of abuse of discretion in the district court's denial of permissive intervention, "we must dismiss the appeal for lack of jurisdiction").

A

The prerequisites for intervention as of right under Federal Rule of Civil Procedure 24(a)(2) are as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found., 644 F.3d at 841(citing Cal. ex rel. Lockyer v. United States, 450 F.3d 436, 440 (9th Cir. 2006)). Rule 24(a)(2) is construed broadly in favor of intervenors. *Id.* (citing Wilderness Soc'y v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc)). The applicant bears the burden of showing that all of the requirements are met. Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006) (citing United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004)).

The Counties contend that any transfer of land within their borders implicates their significantly protectable taxation, sovereignty, and regulatory interests, regardless of whether the Counties own the land, and regardless of the

4

type of development intended by the transferee. An applicant for intervention as a matter of right satisfies the relationship requirement "only if the resolution of the plaintiff's claims actually will affect the applicant." Donnelly v. Glickman, 159 F.3d 405, 410 (9th Cir. 1998) (citing Montana v. EPA, 137 F.3d 1135, 1141-42 (9th Cir. 1998)). The Counties' alleged interests are too speculative to satisfy this requirement. Accordingly, we conclude that the Counties were not intervenors as of right.

B

Further, the district court did not abuse its discretion by holding that the Counties were not entitled to permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). Permissive intervention requires: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., 644 F.3d at 843 (citing Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992)). Even if an applicant meets these three requirements, the district court has discretion to deny permissive intervention. Donnelly, 159 F.3d at 412 (citing Orange Cnty. v. Air Cal., 799 F.2d 535, 539 (9th Cir. 1986)). Rule 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the

5

adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); see also Perry, 587 F.3d at 955.

The Counties have failed to show the presence of common questions of law and fact between their claims and the Tribe's action. See Greene v. United States, 996 F.2d 973, 978 (9th Cir. 1993). The regulatory, sovereignty, and taxation interests that the Counties seek to enforce are unrelated to the subject matter of the Tribe's action. *See id.* (affirming district court's denial of Tulalip Tribe's permissive intervention in Samish Tribe's federal recognition action because the dilution of the Tulalip's treaty fishing rights was unrelated to the main action). Accordingly, the district court did not abuse its discretion by revoking the Counties' status as permissive intervenors.

### III

Because the Counties are not proper parties to this suit, we need not reach the other issues raised by their appeal. See Marino v. Ortiz, 484 U.S. 301, 304 (1988) (per curiam) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). A party that unsuccessfully appeals a denial of intervention is not a party, and it may not appeal any district court holding besides the denial of intervention. See Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377–78 (1987) (sole purpose of interlocutory review is to permit an appellant to become and remain a party with

rights to eventually appeal other issues); <u>United States v. City of Oakland</u>, 958

F.2d 300, 301–02 (9th Cir. 1992) (same); <u>see also</u> <u>League of Latin Am. Citizens</u>,

131 F.3d at 1308. We affirm the district court's determination that the Counties

were not entitled to intervention and decline to address any other issues.

AFFIRMED.