# FILED

NOV 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

HEAL THE BAY, INC. and LOS
ANGELES WATERKEEPER, FKA Santa
Monica Baykeeper, Inc.,

          Plaintiffs-Appellees,

  v.

GINA MCCARTHY, Administrator,
United States Environmental Protection
Agency and U.S. ENVIRONMENTAL
PROTECTION AGENCY,

          Defendants-Appellees,

  v.

LAS VIRGENES-TRIUNFO JOINT
POWERS AUTHORITY,

          Movant-Appellant.

No.   15-15663

D.C. No. 4:98-cv-04825-SBA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 7, 2016
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and BELL,[**] District Judge.

Las Virgenes-Triunfo Joint Powers Authority ("Las Virgenes") appeals the denials of its motion to intervene and its nonparty motion under Fed. R. Civ. P. 12(h)(3) challenging the district court's subject-matter jurisdiction.  Our jurisdiction is governed by 18 U.S.C. § 1291, and we dismiss in part and deny in part Las Virgenes's appeal.

1.      We lack jurisdiction to review the denial of Las Virgenes's motion to intervene.  A complete denial of a motion to intervene is a final decision subject to immediate appellate review, "because the applicant [could] not appeal from any subsequent order or judgment in the proceeding."  *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987) (alteration in original) (internal quotation marks omitted).  Failure to timely appeal the denial of a motion to intervene waives the appeal.  *See United States v. City of Oakland*, 958 F.2d 300, 302 (9th Cir. 1992).  The district court denied Las Virgenes's motion to intervene on March 31, 2014.  Las Virgenes had to file its notice of appeal within sixty days

_____

[**]      The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

of that denial, *see* Fed. R. App. P. 4(a)(1)(B), but did not file its notice of appeal until more than a year later.  This appeal is therefore untimely.

2.      The district court correctly concluded that Las Virgenes's challenge to its subject-matter jurisdiction to enter and amend the Consent Decree is moot. "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (internal quotation marks omitted).  EPA has undisputedly met all of its deadlines and fulfilled all of its obligations under the Consent Decree.  As such, the Consent Decree has terminated by its own terms.  *See, e.g.*, *Hallett v. Morgan*, 296 F.3d 732, 749 (9th Cir. 2002).  Las Virgenes's argument that the Consent Decree "is the sole basis for legitimizing the EPA's issuance of the 2013 Malibu Creek TMDL," and therefore has continuing legal effect, lacks merit.  The Consent Decree did not confer—and could not have conferred—on EPA any authority the agency did not otherwise have.  It merely established a timetable by which EPA would be required to fulfill its purported preexisting statutory obligations.  Because the Consent Decree has terminated and has no prospective legal effect, a challenge to the subject-matter jurisdiction of the district court to enter and amend it cannot provide "effective relief" and is thus moot.  *Pub. Utils. Comm'n of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).

3

3.      We decline to treat Las Virgenes's appeal as a petition for a writ of mandamus.  Because Las Virgenes addressed mandamus for the first time in its reply brief, the request is not properly before us.  *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986).  Moreover, Las Virgenes has not shown that there is any basis under our five-factor test to warrant issuance of the writ.  *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

**DISMISSED in part; DENIED in part.**