**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THE ROMAN CATHOLIC BISHOP OF MONTEREY,

        Plaintiff,

  v.

SALOMON COTA,

        Defendant,

and

UNITED STATES OF AMERICA,

    Real-party-in-interest-
    Defendant-Appellee,

  v.

SAVE THE VALLEY, LLC,

        Intervenor-Appellant.

No.   16-55353

D.C. No.
2:15-cv-08065-JFW-RAO

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted February 6, 2018

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pasadena, California

Before: GRABER and HURWITZ, Circuit Judges, and MARBLEY,[**] District Judge.

Save the Valley, LLC, appeals an order denying Save the Valley's motion to remand a proceeding to the Santa Barbara County Superior Court. A district court's denial of a motion to remand is not a final decision on the merits under 28 U.S.C. § 1291. Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1274–75 (9th Cir. 1990). That general rule against appellate review of interlocutory orders does not apply if the order "effectively sends a party out of court." Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 746 (9th Cir. 1993) (quoting United States v. Lee, 786 F.2d 951, 956 (9th Cir. 1986)). Here, even if the order denying the motion to remand did not itself end the litigation, the district court's simultaneously-filed order denying Save the Valley's motion to intervene did, and therefore would have been appealable as a final judgment. See United States v. City of Oakland, 958 F.2d 300, 302 (9th Cir. 1992) (citing Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 377 (1987)). We therefore construe the appeal as taken from the denial of intervention and exercise appellate jurisdiction.

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Save the Valley is entitled on appeal to argue that the district court lacked subject matter jurisdiction to enter the order denying intervention. See Moe v. United States, 326 F.3d 1065, 1070 (9th Cir. 2003). Thus we consider Save the Valley's sole argument on appeal, which is that the removal was improper. This argument fails.

1. Under the federal officer removal statute, the United States may remove to federal court any "proceeding" in which a judicial order is "sought or issued," provided that the proceeding is "against or directed to" the federal government "or any agency thereof or any officer . . . of the United States." 28 U.S.C. § 1442. Here, final judgment in the underlying quiet title action was issued in 1906. Because there was no ongoing "proceeding" other than the motion to intervene, the United States effectively removed only the motion to intervene, not the prior action, no matter how the notice of removal was phrased. See Ristuccia v. Adams, 406 F.2d 1257, 1258 (9th Cir. 1969) (per curiam) ("It would seem obvious that to remove an action to the federal courts from a state court, it must first be pending in the state court."). As to that removal, because the United States is a named defendant in the proposed complaint in intervention, the action is "against or directed to" the United States. The government therefore properly removed the proceedings related to Save the Valley's motion to intervene under the federal officer removal statute.

2.  However, even if we assume that the entire action that resulted in the 1906 judgment was removed to federal court, removal was proper because the United States neither waived sovereign immunity nor its right of removal.  Save the Valley seeks redress for actions the United States allegedly took in its capacity as owner of land in the Santa Ynez Valley.  By contrast, in the underlying quiet title action, the United States merely appeared to defend the interests of the Santa Ynez Band of the Chumash Mission Indians against the Roman Catholic Bishop of Monterey.  The United States did not waive its sovereign immunity or its right of removal by participating in the state court action.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) (noting that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"); Willingham v. Morgan, 395 U.S. 402, 407 (1969) (noting that "the right of removal under § 1442(a)(1) is . . . absolute" and that "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court").

Therefore, we **AFFIRM** the judgment of the district court.