<u>Lawrence R. Carver v. RBS Citizens, N.A., et al.</u>, No. 45, September Term, 2018

**FINAL JUDGMENT – NOTICE OF APPEAL – TIMELINESS – MARYLAND RULE 8-602(g)(1)(D) –** Court of Appeals exercised its discretion and held that, pursuant to Maryland Rule 8-602(g)(1)(D), notice of appeal filed by petitioner should be treated as if it were filed on same day as, but after, entry of trial court's final judgment, and that appeal should proceed on merits in Court of Special Appeals.  As such, Court vacated judgment of Court of Special Appeals dismissing appeal, and remanded case to that Court with instruction to treat notice of appeal as timely filed.

Circuit Court for Cecil County
Case No. 07-C-13-001300

Argued: January 3, 2019

IN THE COURT OF APPEALS

OF MARYLAND

No. 45

September Term, 2018

_____

LAWRENCE R. CARVER

v.

RBS CITIZENS, N.A., ET AL.

_____

Barbera, C.J.
Greene
McDonald
Watts
Hotten
Getty
Cathell, Dale R. (Senior Judge,
Specially Assigned),

JJ.

_____

Opinion by Watts, J.

_____

Filed: February 22, 2019

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This case concerns the timeliness of the filing of a notice of appeal, and whether the Court of Special Appeals improperly dismissed an appeal as premature. Under the circumstances of this case, we exercise our discretion to hold, pursuant to Maryland Rule 8-602(g)(1)(D), that the notice of appeal filed by the petitioner should be treated as if it were filed on the same day as, but after, the entry of the trial court's final judgment, and that the appeal should proceed on the merits in the Court of Special Appeals. Accordingly, we vacate the judgment of the Court of Special Appeals dismissing the appeal, and we remand the case to that Court with instruction to treat the notice of appeal as timely filed.

## BACKGROUND

On July 19, 2013, in the Circuit Court for Cecil County, Lawrence R. Carver, Jr. ("Petitioner") and Nancy M. Carver filed a complaint against RBS Citizens, N.A. ("RBS") and Security Title Guarantee Corporation of Baltimore ("Security Title"), Respondents.[1] The Carvers sought damages that allegedly resulted from Security Title's re-recording of a deed of trust between the Carvers and RBS, which allegedly caused a cloud on the Carvers' title to certain properties that they owned. The Carvers alleged that the re-recorded deed of trust erroneously encumbered the properties and frustrated their attempts to convey the properties. Security Title and RBS filed cross-complaints against each other, raising cross-claims for indemnification and contribution.

On April 12 and 13, 2017, and June 19, 2017, the circuit court conducted a bench

---

[1]Although Nancy M. Carter was a plaintiff, she is not a Petitioner. Additionally, although both RBS and Security Title are Respondents, only Security Title filed a brief and participated in oral argument.

trial. On the last day of trial, the Carvers and RBS filed a line dismissing with prejudice all of the Carvers' claims against RBS. The case proceeded on the Carvers' claims against Security Title for misrepresentation, fraud, constructive fraud, and conspiracy; and, according to an opinion that the circuit court issued later, Security Title "withheld" its cross-complaint against RBS pending the outcome of the trial.

During closing argument, Security Title's counsel argued that, should it be found liable for the Carvers' damages, RBS should indemnify it. By contrast, RBS's counsel argued that the circuit court should dismiss Security Title's cross-claims against it because Security Title had failed to present evidence supporting the cross-claims. After closing arguments, the circuit court held the matter *sub curia,* with an opinion to follow.

On August 23, 2017, the circuit court entered an Opinion and Order. In the Order, the circuit court found in Security Title's favor on the claims for misrepresentation, fraud, and conspiracy, but found in the Carvers' favor on the claim for constructive fraud. As to the claim for constructive fraud, the circuit court awarded the Carvers $6,726 in damages. Notably, the Order did not mention Security Title's cross-claims against RBS.

On September 14, 2017, Security Title filed a "Motion [] to Revise or so as to Dispose of an Unresolved Issue" ("the motion to revise"), requesting that the circuit court rule on its cross-complaint against RBS. Specifically, Security Title requested that the "judgment be modified to grant Security Title a judgment against RBS [] in the amount $6,726.00 so as to resolve the Cross Claim filed in this action, or in the alternative," for the circuit court to find that RBS "was a joint tortfeasor equally liable, jointly and severally, with Security Title." On September 22, 2017, Petitioner noted an appeal of the August 23,

- 2 -

2017 Opinion and Order. The appeal was assigned case number CSA-REG-1418-2017 in the Court of Special Appeals. On October 2, 2017, while the appeal was pending, Petitioner filed a response to the motion to revise, requesting, among other relief, that the circuit court find the August 23, 2017 Opinion and Order to be a final judgment.

On May 18, 2018, the circuit court conducted a hearing on the motion to revise and ruling from the bench, denied the motion, and found the August 23, 2017 order to be a final judgment. On May 24, 2018, the circuit court issued an Order denying the motion to revise, and stating: "The [circuit c]ourt finds that its order of August 2[3], 2017 was a final order and no judgment shall be entered in favor of Security Title [] against RBS [] under its cross claim." A docket entry dated May 29, 2018, states: "Case Closed[.]" As to the disposition of the case, the Maryland Electronic Courts system provides the following "Disposition Detail": "05/29/2018  1:45 PM Final Judgment / Decree / Order[.]"

On June 1, 2018, Security Title noted an appeal, which was assigned case number CSA-REG-0780-2018 in the Court of Special Appeals—a case number different from the case number that had been assigned to the appeal noted earlier by Petitioner. On the same day, Security Title filed in the Court of Special Appeals a motion to permit a supplemental brief in CSA-REG-1418-2017. On June 15, 2018, Petitioner filed a response to the motion to permit a supplemental brief. On June 19, 2018, Security Title filed a reply, and, in a letter to the Court of Special Appeals that accompanied the reply, referred to the "unusual posture of this case[.]"

On June 25, 2018, the Court of Special Appeals issued an order denying the motion to permit a supplemental brief, and ordering Petitioner to show cause in writing within

fifteen days as to why the "appeal should not be dismissed as [a] premature appeal from a non-final judgment." On July 10, 2018, Petitioner filed a response to the show cause order, arguing that his appeal was timely filed from a final judgment. On July 23, 2018, the Court of Special Appeals issued an order stating that the show cause order was satisfied, but ordering, "on the Court's own initiative, that the [] appeal be, and is hereby, dismissed pursuant to [Maryland] Rule 8-602(c)(1) as not allowed by law as a premature appeal from a non-final judgment."

On August 2, 2018, Petitioner filed a motion for reconsideration. On August 15, 2018, the Court of Special Appeals denied the motion for reconsideration. On the same day, the Court of Special Appeals issued the following mandate: "On the 23rd day of July, 2018, the Court, on its own initiative, dismissed the appeal pursuant to Maryland Rule 8-602(c)(1). On the 2nd day of August, 2018, [Petitioner] filed a Motion to Reconsider. On the 15th day of August, 2018, the Motion to Reconsider was denied."

On August 30, 2018, Petitioner petitioned for a writ of *certiorari*, raising the following issue: "Whether the Court of Special Appeals erred by dismissing [Petitioner]'s appeal as premature." On October 9, 2018, this Court granted the petition. See Carver v. RBS Citizens, 461 Md. 481, 194 A.3d 935 (2018).

## DISCUSSION

### The Parties' Contentions

Petitioner contends that the Court of Special Appeals erred in dismissing the appeal, on its own initiative, and determining that the appeal was premature. Petitioner argues that the circuit court entered a final judgment against Security Title on August 23, 2017, and

- 4 -

that he timely filed the notice of appeal on September 22, 2017. Petitioner points out that, in the May 24, 2018 Order, the circuit court stated that the August 23, 2017 Order was a final judgment. Petitioner asserts that the post-judgment motion to revise filed by Security Title did not stay the time to file an appeal. Petitioner maintains that he would have waived the right to appeal if the circuit court had denied the motion to revise and if he had not filed a notice of appeal within thirty days of the August 23, 2017 Order. Petitioner contends that, on the other hand, had the circuit court granted the motion to revise and determined that the August 23, 2017 Order was not a final judgment, then the September 22, 2017 notice of appeal still would have been deemed timely filed. Petitioner argues that, if the circuit court had granted the motion to revise, he would have been able to file a new notice of appeal of a final judgment entered on May 24, 2018. In sum, Petitioner asserts that he timely filed the notice of appeal and that the appeal should be reinstated.

Alternatively, Petitioner asserts that, if we determine that the August 23, 2017 Order was not a final judgment, then we may: (1) remand this case to the Court of Special Appeals to decide whether to direct entry of a final judgment; (2) enter a final judgment on our own initiative; or (3) treat the notice of appeal as if it were filed on the same day as, but after, the entry of a final judgment. Petitioner requests that this Court exercise the third option, and treat the notice of appeal as if it were filed on the same day as, but after, the entry of final judgment.

Security Title responds that the Court of Special Appeals properly exercised its discretion to dismiss the appeal as a premature appeal of a non-final judgment. Security Title contends that the August 23, 2017 Order was not a final judgment because it did not

adjudicate Security Title's cross-claims against RBS. Security Title argues that, as a result, Petitioner's notice of appeal—filed months before the circuit court ruled on Security Title's cross-claims—was premature. Security Title asserts that the circuit court's statement in the May 24, 2018 Order—finding the August 23, 2017 Order to be a final judgment—did not, and could not, make the August 23, 2017 Order a final judgment because the circuit court did not dispose of Security Title's cross-claims until May 24, 2018.

Security Title maintains that, although the Court of Special Appeals had the discretion to treat the notice of appeal as if it were filed on the same day as, but after, the entry of the judgment, the Court also had the authority to dismiss the appeal. Security Title contends that the Court of Special Appeals neither abused its discretion nor acted improperly in dismissing the appeal. Security Title argues that there is no evidence or proffer "of any unfairness or hardship caused by the requirement to wait for a final judgment before filing an appeal" in this case. And, Security Title asserts that this is not an extraordinary case that would justify allowing a piecemeal appeal under Maryland Rule 2-602(b).

**Law**

Md. Code Ann., Cts. & Jud. Proc. (1974, 2013 Repl. Vol.) § 12-301 provides, in pertinent part, that "a party may appeal from a final judgment entered in a civil or criminal case by a circuit court." Indeed, it is a "long-standing rule that the right to seek appellate review ordinarily must await the entry of a final judgment, disposing of all claims against all parties[.]" Smith v. Lead Indus. Ass'n, Inc., 386 Md. 12, 21, 871 A.2d 545, 550 (2005) (cleaned up). To that end, in Smith, id. at 21, 871 A.2d at 550, we explained that, to

- 6 -

constitute a final judgment, an order must have the following three attributes:

> (1) it must be intended by the court as an unqualified, final disposition of the matter in controversy, (2) unless the court properly acts pursuant to M[aryland] Rule 2-602(b), it must adjudicate or complete the adjudication of all claims against all parties, and (3) the clerk must make a proper record of it in accordance with M[aryland] Rule 2-601.

(Cleaned up).

Maryland Rule 2-601 governs entry of a judgment. Maryland Rule 2-601(a)(1) provides that a "judgment shall be set forth on a separate document and include a statement of an allowance of costs as determined in conformance with [Maryland] Rule 2-603." Maryland Rule 2-601(b)(2) provides that "[t]he clerk shall enter a judgment by making an entry of it on the docket of the electronic case management system used by that court along with such description of the judgment as the clerk deems appropriate." And, Maryland Rule 2-601(c) provides that, "[p]romptly after entry, the clerk shall (1) record and index the judgment, except a judgment denying all relief without costs, in the judgment records of the court and (2) note on the docket the date the clerk sent copies of the judgment in accordance with [Maryland] Rule 1-324." Finally, "the date of the judgment is the date that the clerk enters the judgment on the electronic case management system docket in accordance with section (b) of this Rule." Md. R. 2-601(d).

In turn, Maryland Rule 2-602 concerns a judgment that does not dispose of an entire action, and provides:

> (a) *Generally.* Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties

- 7 -

to the action:

> (1) is not a final judgment;
>
> (2) does not terminate the action as to any of the claims or any of the parties; and
>
> (3) is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties.

(b) *When allowed.* If the court expressly determines in a written order that there is no just reason for delay, it may direct in the order the entry of a final judgment:

> (1) as to one or more but fewer than all of the claims or parties; or
>
> (2) pursuant to Rule 2-501(f)(3), for some but less than all of the amount requested in a claim seeking money relief only.

As to an appeal of a trial court's decision, Maryland Rule 8-202(a) provides that, "[e]xcept as otherwise provided in this Rule or by law, the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken." Maryland Rule 8-202(c) sets forth an exception that tolls the running of the thirty-day appeal period where certain post-judgment motions are filed, stating:

> In a civil action, when a timely motion is filed pursuant to Rule 2-532 [Motion for Judgment Notwithstanding the Verdict], 2-533 [Motion for New Trial], or 2-534 [Motion to Alter or Amend a Judgment -- Court Decision], the notice of appeal shall be filed within 30 days after entry of (1) a notice withdrawing the motion or (2) an order denying a motion pursuant to Rule 2-533 or disposing of a motion pursuant to Rule 2-532 or 2-534. A notice of appeal filed before the withdrawal or disposition of any of these motions does not deprive the trial court of jurisdiction to dispose of the motion. If a notice of appeal is filed and thereafter a party files a timely motion pursuant to Rule 2-532, 2-533, or 2-534, the notice of appeal shall be treated as filed on the same day as, but after, the entry of a notice withdrawing the motion or an order disposing of it.

In other words, where a party files a post-judgment motion pursuant to Maryland Rule 2-532, 2-533, or 2-534, the deadline for noting an appeal is stayed until after the resolution of the motion, meaning that a party has until thirty days after a trial court rules on such a motion to file a notice of appeal. Or, if a notice of appeal has been filed, but a post-judgment motion pursuant to Maryland Rule 2-532, 2-533, or 2-534 is also timely filed, then the notice of appeal is effective and treated as being filed on the same day as, but after, entry of a notice withdrawing such a motion or an order disposing of it.

On the other hand, Maryland Rule 2-535(a) provides, in relevant part, that, "[o]n motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under [Maryland] Rule 2-534." The Committee Note accompanying Maryland Rule 8-202(c) states that "[a] motion filed pursuant to Rule 2-535, if filed within ten days after entry of judgment, will have the same effect as a motion filed pursuant to Rule 2-534, for purposes of this Rule." (Citations omitted). Notably, however, if a party files a motion pursuant to Maryland Rule 2-535(a) more than ten days, but within thirty days, after entry of judgment, the time for noting an appeal is not tolled. See, e.g., Johnson v. Francis, 239 Md. App. 530, 541, 197 A.3d 582, 589 (2018).

Maryland Rule 8-602 governs dismissal of an appeal by an appellate court, and provides, in relevant part:

(a) *On Motion or Court's Initiative.* The court may dismiss an appeal pursuant to this Rule on motion or on the court's own initiative.

(b) *When Mandatory.* The Court shall dismiss an appeal if:

> (1) the appeal is not allowed by [the Maryland] Rules or other law; or

> (2) the notice of appeal was not filed with the lower court within the time prescribed by [Maryland] Rule 8-202.

(c) *When Discretionary.* The court may dismiss an appeal if:

> (1) the appeal was not properly taken pursuant to [Maryland] Rule 8-201[.]

. . .

(g) *Entry of judgment not directed under [Maryland] Rule 2-602.*

> (1) If the appellate court determines that the order from which the appeal is taken was not a final judgment when the notice of appeal was filed but that the lower court had discretion to direct the entry of a final judgment pursuant to [Maryland] Rule 2-602(b), the appellate court, as it finds appropriate, may (A) dismiss the appeal, (B) remand the case for the lower court to decide whether to direct the entry of a final judgment, (C) enter a final judgment on its own initiative or (D) if a final judgment was entered by the lower court after the notice of appeal was filed, treat the notice of appeal as if filed on the same day as, but after, the entry of the judgment.[2]

## Analysis

Here, we exercise our discretion to hold that, pursuant to Maryland Rule 8-

---

[2]Effective July 1, 2018, Maryland Rule 8-602 was amended, as set forth above, "to reorganize it, to specify grounds for mandatory dismissals and grounds for discretionary dismissals, and to make stylistic changes[.]" Court of Appeals of Maryland, Rules Order at 3, 70-74 (Apr. 9, 2018), available at https://www.mdcourts.gov/sites/default/files/rules/order/ro195_0.pdf [https://perma.cc/WG9V-3GTU]. As a result of the amendments, Maryland Rule 8-602(e) became Maryland Rule 8-602(g), without change. See id. at 73-74. In their briefs, the parties refer to Maryland Rule 8-602(e); however, we refer to the section by its current designation, Maryland Rule 8-602(g).

602(g)(1)(D), the notice of appeal filed by Petitioner should be treated as if it were filed on the same day as, but after, the entry of the circuit court's final judgment on May 24, 2018, and that the appeal should proceed on the merits in the Court of Special Appeals. As such, we vacate the judgment of the Court of Special Appeals dismissing the appeal, and we remand this case to that Court with instruction to treat the notice of appeal as timely filed.

As an initial matter, we conclude that the August 23, 2017 Opinion and Order did not constitute a final judgment, as the Opinion and Order did not adjudicate all of the claims in the action. Specifically, the August 23, 2017 Opinion and Order did not resolve Security Title's cross-claims against RBS for indemnification and contribution.[3] In the August 23, 2017 Order, the circuit court addressed only the Carvers' claims against Security Title, and did not mention RBS or Security Title's cross-claims against RBS. In short, the August 23, 2017 Opinion and Order did not constitute a final judgment because they failed to adjudicate all claims against all parties. See Md. R. 2-602(a); Smith, 386 Md. at 21, 871 A.2d at 550. Additionally, the circuit court did not direct that the August 23, 2017 Opinion and Order be entered as a final judgment pursuant to Maryland Rule 2-602(b)(1). Accordingly, although filed within thirty days after the entry of the August 23, 2017 Opinion and Order, the notice of appeal that Petitioner filed on September 22, 2017, was premature.

---

[3]Interestingly, in the August 23, 2017 Opinion, in recounting the factual and procedural history of this case, the circuit court noted that Security Title had filed cross-claims against RBS. And, the circuit court stated that Security Title "withheld on its Cross-Complaint against RBS [] pending the result of trial." The circuit court, however, did not resolve Security Title's cross-claims in either the Opinion or the Order.

- 11 -

That Security Title filed the motion to revise on September 14, 2017 is not dispositive in determining whether a final judgment existed. To be sure, if the August 23, 2017 Opinion and Order had constituted a final judgment, then the motion to revise, filed twenty-two days later, would not have tolled the time for noting an appeal. See Md. R. 2-535(a); Johnson, 239 Md. App. at 541, 197 A.3d at 589. Under that circumstance, Petitioner would have had thirty days from August 23, 2017, to note an appeal, and the September 22, 2017 notice of appeal would have been timely. Nonetheless, here, it is evident that the August 23, 2017 Opinion and Order was not a final judgment—this is the precise point that Security Title made in the motion to revise, in which it requested that the circuit court rule on its cross-claims against RBS.

Security Title's cross-claims against RBS remained unresolved until the circuit court entered the May 24, 2018 Order, denying the motion to revise and ruling that judgment would not be entered in Security Title's favor with respect to its cross-claims against RBS. Thus, the May 24, 2018 Order disposing of Security Title's cross-claims against RBS constituted a final judgment, as, at that time, all claims against all parties had been adjudicated. Although the circuit court stated in the May 24, 2018 Order that the August 23, 2017 Order "was a final order[,]" the circuit court's statement did not, and could not, make the August 23, 2017 Order a final judgment because the cross-claims were not ruled on until the May 24, 2018 Order. In other words, the circuit court could not transform the August 23, 2017 Order into a final judgment just by saying that it was in an order issued months later.

There are other signs in the record that the May 24, 2018 Order—not the August 23,

2017 Opinion and Order—was the final judgment in the case.  Specifically, a docket entry dated May 29, 2018, only a few days after the May 24, 2018 Order, stated: "Case Closed[,]" and the "Disposition Detail" on the Maryland Electronic Courts system states: "05/29/2018 1:45 PM Final Judgment / Decree / Order[.]"  It does not appear that such a docket entry or disposition detail was made after entry of the August 23, 2017 Opinion and Order.  This circumstance supports our conclusion that the August 23, 2017 Opinion and Order was not a final judgment, and that a final judgment in the action did not exist until entry of the May 24, 2018 Order, which disposed of the outstanding cross-claims.[4]

---

[4]At oral argument, Petitioner's counsel contended that this Court could conclude that there are still claims in dispute; that, as such, no final judgment exists; and that this case should be remanded to the circuit court for adjudication of those claims.  Specifically, Petitioner's counsel argued that RBS's cross-claims against Security Title for indemnification and contribution remain outstanding.  As an initial matter, we note that Petitioner did not raise this argument on brief.  Rather, in his brief, Petitioner argued that the August 23, 2017 Opinion and Order was a final judgment and that he noted a timely appeal, and, in the alternative, that the notice of appeal should be treated as if it had been filed on the same day as, but after, entry of the final judgment.  Petitioner did not argue on brief that there were outstanding cross-claims and that no final judgment existed.

In any event, a review of the record reveals that, on March 25, 2014, RBS filed a cross-complaint against Security Title raising cross-claims for indemnification and contribution.  Both cross-claims expressly hinged on RBS being found liable to the Carvers.  On June 19, 2017, the Carvers and RBS filed a line dismissing with prejudice all of the Carvers' claims against RBS.  In the August 23, 2017 Opinion, the circuit court noted that the Carvers and RBS had filed the line dismissing all of the Carvers' claims against RBS, and that the Carvers were proceeding at trial against Security Title only with respect to certain claims.

Because RBS's cross-claims against Security Title expressly hinged on RBS being found liable to the Carvers, and because the Carvers dismissed with prejudice their claims against RBS, RBS's cross-claims effectively became moot.  To be sure, the circuit court did not expressly rule in the August 23, 2017 Opinion and Order or the May 24, 2018 Order that RBS's cross-claims were denied, as moot or otherwise.  However, in noting in the August 23, 2017 Opinion that RBS had filed cross-claims against Security Title, that the Carvers had dismissed all of their claims against RBS, and that the Carvers proceeded at (Continued...)

Under the circumstances of this case, we conclude that the notice of appeal, filed on September 22, 2017, should be treated as if it were filed on the same day—May 24, 2018—as, but after, the entry of the final judgment pursuant to Maryland Rule 8-602(g)(1)(D). The criteria for applying Maryland Rule 8-602(g)(1)(D) are satisfied here. As explained above, the order from which the appeal was taken was not a final judgment when the notice of appeal was filed, as the August 23, 2017 Opinion and Order did not dispose of Security Title's cross-claims against RBS. Nevertheless, the circuit court would have had discretion at that time to direct the entry of final judgment pursuant to Maryland Rule 2-602(b), *i.e.*, to "expressly determine[] in a written order that there [was] no just reason for delay" and to direct in the August 23, 2017 Order "the entry of a final judgment . . . as to one or more but fewer than all of the claims or parties[.]" Md. R. 2-602(b)(1). The record plainly reflects that a final judgment was entered by the circuit court on May 24, 2018, after the notice of appeal had been filed. As such, under the circumstances of this case, it is appropriate under Maryland Rule 8-602(g)(1)(D) to treat the notice of appeal as if it were filed on the same day as, but after, the entry of the judgment, *i.e.*, to treat the notice of appeal as timely and to allow the appeal to proceed on the merits.

Indeed, treating the notice of appeal as timely is an equitable resolution of any uncertainty as to the date of entry of a final judgment in the case. It is evident that, in filing

_____

trial against Security Title only, and in not addressing RBS's cross-claims further, it appears that the circuit court believed that RBS's cross-claims had been resolved and that no further action was needed. Although RBS's cross-claims were moot, the circuit court took no further action to dispose of the cross-claims, and Security's Title's cross-claims were not resolved until the May 24, 2018 Order. Thus, at that time, there were no outstanding claims.

the notice of appeal within thirty days after entry of the August 23, 2017 Opinion and Order, Petitioner was attempting to preserve his right to appeal. The August 23, 2017 Opinion and Order adjudicated all of the Carvers' claims against Security Title, and, by virtue of the line dismissing with prejudice all of the Carvers' claims against RBS, the Carvers had no claims left to be adjudicated. The circuit court's statement in the May 24, 2018 Order—that the August 23, 2017 Opinion and Order "was a final order"—may have led Petitioner to believe, in good faith, that he was not required to file a new notice of appeal, and that the earlier-filed notice of appeal was sufficient to preserve his right to appeal. At oral argument, Petitioner's counsel stated as much, explaining: "With that belief that that was a final order, [Petitioner] relied on that language as being a final order, [] and thought . . . the appeal was timely filed, having been thirty days within that final order." According to Petitioner's counsel, the circuit court's statement in the May 24, 2018 Order essentially "vindicate[d] Petitioner's position in filing the notice of appeal because, in fact, [] it says 'final order.'" According to Petitioner's counsel, had Petitioner not filed the notice of appeal when he did, the May 24, 2018 Order would have caused him to question whether he had waived his "appeal rights by not filing an appeal of" the August 23, 2017 Opinion and Order. The circuit court's statement in the May 24, 2018 Order that the August 23, 2017 Opinion and Order was a final judgment, although obviously well-intended, in actuality, sowed the seeds of confusion.

We note that, on brief, Security Title acknowledges that the Court of Special Appeals had the discretion under Maryland Rule 8-602(g)(1)(D) "to 'treat [Petitioner]'s premature Notice of Appeal as if [it were] filed on the same day as, but after, the entry of

- 15 -

the judgment.'" And, at oral argument, in response to a question from the Court as to whether it made sense to treat the notice of appeal as having been filed on the same day as the final judgment pursuant to Maryland Rule 8-602(g)(1)(D) and to consolidate the two appeals, Security Title's counsel stated that he had "asked the Court of Special Appeals to do that, and they chose not to at the time[.]" In other words, Security Title has not always been opposed to treating the notice of appeal as if it had been timely filed.

Under all of these circumstances, and given that Maryland Rule 8-602(g)(1)(D)'s criteria are satisfied, we exercise our discretion to treat the notice of appeal as if it were filed on the same day as, but after, the entry of the final judgment—*i.e.*, as if it were timely filed on May 24, 2018, after the entry of the final judgment. Accordingly, we vacate the judgment of the Court of Special Appeals dismissing the appeal and remand the case to that Court for further proceedings consistent with this opinion.[5]

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO ABIDE THE RESULT.**

---

[5]Because we vacate the judgment of the Court of Special Appeals and remand to that Court for consideration of the merits of the appeal, in the mandate, we order that costs are to abide the result in the Court of Special Appeals. Cf. Brewster v. Woodhaven Bldg. & Dev. Co., 360 Md. 602, 623, 759 A.2d 738, 749 (2000).